**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

MOHAMMED BELAL,

Petitioner,

v.

CHRISTOPHER LAROSE,

Respondent.

Case No. 26-cv-00283-BAS-VET

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**
**(ECF No. 1)**

Petitioner Mohammed Belal is self-represented. He brings this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, claiming prolonged detention without a bond hearing and untenable living conditions in the immigration detention center. (ECF No. 1.) The Government filed a Return. (ECF No. 4.) For the reasons stated below, the Court **DENIES** the Petition.

**I.     INTRODUCTION**

Petitioner is a citizen of Bangladesh. On January 8, 2025, he entered the United States without papers and was immediately detained three miles from a U.S. Port of Entry. (ECF No. 4, Ex. A.) Petitioner requested asylum, and on February 8, 2025, received a credible fear determination. (*Id.*, Ex. C.) On September 8, 2025, an Immigration Judge

- 1 -

26cv0283

denied Petitioner's asylum claim, and on October 15, 2025, Petitioner appealed that decision. (*Id.*, Exs. D, E.) That appeal remains pending.

Petitioner requests release on bond and details "terrible" living conditions at the immigration detention center where he is housed, including unsanitary showers, lack of proper medical care, and expensive food and medicine, resulting in a decline in his overall health. (ECF No. 1.)

The Government filed a Return arguing this Court lacks jurisdiction to consider the Petition under 8 U.S.C. § 1252(g), Petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(1)(B), and Petitioner's detention has not been unconstitutionally prolonged.

## II.    ANALYSIS

### A.    Suitability of Habeas Corpus Petition

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). It applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). However, "the writ of habeas corpus is limited to attacks upon the legality or duration of confinement." *Crawford v. Bell*, 599 F.2d 890, 891 (9th Cir. 1979) (citing *Preiser*, 411 U.S. at 484–86). It is not the appropriate vehicle to attack conditions of confinement. *Pinson v. Carvajal*, 69 F.4th 1059, 1065 (9th Cir. 2023).

Since Petitioner is in custody, to the extent he is seeking release from custody, he has standing to pursue this Petition. However, to the extent Petitioner is complaining about the unsanitary or unsafe conditions at the immigration detention center, this Court lacks jurisdiction to consider those claims under a habeas corpus petition.

### B.    Jurisdiction Under Section 1252(g)

The Government argues that 8 U.S.C. § 1252(g) strips this Court of jurisdiction. Section 1252(g) states that "no court shall have jurisdiction to hear any cause or claim by

26cv0283

or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."

The general rule is to "'resolve any ambiguities in a jurisdiction-stripping statute [such as Section 1252(g)] in favor of the narrower interpretation,' and by the 'strong presumption in favor of judicial review.'" *Ibarra-Perez v. United States*, 154 F.4th 989, 995 (9th Cir. 2025) (quoting *Arce v. United States*, 899 F.3d 796, 801 (9th Cir. 2018)). Thus, the Supreme Court has ruled Section 1252(g) applies only to three discrete actions: commencing proceedings, adjudicating cases, or executing removal orders. *Reno v. Am.- Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999). "Instead of 'sweep[ing] in any claim that can technically be said to arise from the three listed actions,' the provision 'refers to just those three specific actions themselves.'" *Ibarra-Perez*, 154 F.4th at 995 (alteration in original) (quoting *Jennings v. Rodriguez,* 583 U.S. 281, 294 (2018)). "There are of course many other decisions or actions that may be part of the deportation process . . ." that are not one of these three. *See Reno*, 525 U.S. at 482 (listing possibilities). Section 1252(g) "does not prohibit challenges to unlawful practices merely because they are in some fashion connected to removal orders." *Ibarra-Perez*, 154 F.4th at 997.

In this Petition, Petitioner is not contesting the commencement or adjudication of removal proceedings against him, nor is he raising an issue with respect to the execution of removal. His detention pursuant to 8 U.S.C. § 1225(b) may be during, but is nonetheless independent of, the removal proceedings. Thus, this Court is not stripped of jurisdiction by Section 1252(g).

### C.    Mandatory Detention Under 8 U.S.C. § 1225

Title 8 U.S.C. § 1225(b)(1)(A) applies to a non-citizen who is arriving and seeking admission to the United States and who indicates an intention to apply for asylum or a fear of persecution. Such an individual "shall be detained pending a final determination of credible fear of persecution and, if found not to have such a fear, until removed." 8 U.S.C. § 1225(b)(1)(B)(IV). *See also Jennings v. Rodriguez*, 583 U.S. 218 (2018). Unlike

26cv0283

the potentially indefinite detention at issue in *Zadvydas v. Davis*, 533 U.S. 678 (2001), detention under this Section has "a definite termination point: the conclusion of removal proceedings." *Jennings*, 583 U.S. at 304.

The statute is very clear.  An arriving non-citizen seeking admission to the United States, such as Petitioner, **shall** be detained while his asylum claim is proceeding.  Nor is Petitioner similarly situated to those individuals who have been living in the United States before detention. Petitioner was detained as he was entering the United States; thus, there is no question that he was seeking admission at the time he was arrested.

### D.   Prolonged Detention

Various Courts have wrestled with whether an individual detained under Section 1225(b)(1)(B) could ever claim an unreasonably prolonged mandatory detention without an individualized bond hearing such that it violates due process.  *See, e.g.*, *Lopez v. Garland*, 631 F. Supp. 3d 870 (E.D. Cal. 2022) (exploring the various court decisions on this issue).  The Supreme Court made it clear that nothing in the statute compels a bond hearing within a certain period of time. *Jennings*, 583 U.S. at 287.  That said, this Court is not prepared to say that an indefinite detention without a bond hearing could never violate due process. However, whatever that unreasonable period of time is, this case is not it.

Petitioner's removal proceedings have moved forward with reasonable speed.  He was arrested in January, received a credible fear determination in February, and had a hearing before an Immigration Judge who denied his asylum claim in September.  He has now been allowed to appeal that ruling and filed that appeal in October.  The appeal has been pending for only four months.  As such, at this point, Petitioner's total detention has not been unreasonable.  His future detention will last only as long as it takes the Board of Immigration Appeals to render a decision, which is unlikely to be an indefinite period of time.

### III.   CONCLUSION

For the reasons stated above, the Court **DENIES** the Petition (ECF No. 1) **WITHOUT PREJUDICE**.  A habeas petition is not the appropriate vehicle to raise issues

26cv0283

regarding conditions of confinement.  Furthermore, Petitioner's detention is mandatory under Section 1225(b)(1)(B), and his detention has not been so unreasonably prolonged that it violates due process.

The Clerk is directed to close this case.

**IT IS SO ORDERED.**

**DATED: February 19, 2026**

Hon. Cynthia Bashant, Chief Judge
**United States District Court**

- 5 -

26cv0283